United States District Court
Southern District of Texas
**ENTERED**
July 17, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRISTINA PEREZ FLORENZANO, | § § | CIVIL ACTION NUMBER 4:26-cv-05264 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| RANDY TATE, *et al*, | § | |
| Respondents. | § | |

### ORDER ON DISMISSAL

Petitioner Cristina Perez Florenzano filed a petition for writ of *habeas corpus* under 28 USC §2241 on July 2, 2026. Dkt 1. She acknowledges illegal entry into the United States at a prior date but nonetheless asserts that her present detention violates constitutional guarantees of due process and equal protection. Id at ¶¶20–64.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2. After the Fifth Circuit issued its decision in *Sosnava Rodriguez v Ortega*, the Government was further ordered to state a position as to what impact, if any, that decision had on the lawfulness of detention in this matter. Dkt 5, citing 2026 WL 1906557, *16 (5th Cir).

The Government filed a response, indicating that Petitioner was taken into custody on June 25, 2026, meaning that she has been detained for fewer than ninety days. Dkt 6 at 2. It thus argues that present detention

comports with due process under *Sosnava Rodriguez*. Ibid, citing 2026 WL 1906557 at *16.

As noted in prior order, the Fifth Circuit issued a controlling decision with respect to the lawfulness of mandatory detention in this context under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). On July 2, 2026, the Fifth Circuit then issued a decision with respect to the constitutionality of detention under 8 USC §1225(b)(2)(A). See *Sosnava Rodriguez*, 2026 WL 1906557. With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at *16. On July 10, 2026, that decision was then vacated pending rehearing *en banc*. See *Sosnava Rodriguez v Ortega*, 2026 WL 2014647, *1 (5th Cir). This means that it is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

The undersigned has also previously determined certain issues raised in the petition. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A).

- o *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.

- o *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that disparate treatment

between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection.

Petitioner on reply maintains that the Government's response premised on *Sosnava Rodriguez* is inadequate in light of the subsequent vacatur of that decision. Dkt 7 at 2. She thus argues that the Government's prematurity argument based on *Sosnava Rodriguez*'s 90-day rule is now unfounded and that her claims are otherwise meritorious and warrant release. Id at 4–7.

Not so. As set forth in the decisions cited above, the undersigned has previously determined that each of Petitioner's claims fail on their merits. Beyond this, Petitioner's detention hasn't yet exceeded ninety days. Her detention at present thus comports with due process, even as framed by the panel in *Sosnava Rodriguez*. See 2026 WL 1906557 at *16.

Petitioner thus hasn't established that her current detention violates either the Constitution or federal law.

\* \* \*

The petition for writ of *habeas corpus* by Petitioner Cristina Perez Florenzano is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

Petitioner is ADVISED to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez*. She may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

A final judgment will enter separately.

SO ORDERED.

Signed on ___July 17, 2026___ , at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge